**Government Exhibit**

2

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case no. |
| | ) | |
| MARLENE GOLDSTEIN, as Personal | ) | |
| Representative of the ESTATE OF | ) | |
| ARNOLD S. GOLDSTEIN, | ) | |
| | ) | |
| Respondent. | ) | |

**DECLARATION OF REVENUE AGENT HOLLY SHIELDS**

Holly Shields declares:

1.      I am a duly commissioned Revenue Agent employed in Small Business/Self

Employed, Examination Area South Atlantic, Internal Revenue Service.

2.      In my capacity as a Revenue Agent, I am conducting an investigation to determine

whether Arnold Goldstein is liable for penalties under 26 U.S.C. §§ 6700 and 6701 during the

period from January 1, 2004 through the present.  These sections of the Internal Revenue Code

impose penalties for, among other things, organizing or promoting abusive tax shelters and

aiding and abetting the understatement of another person's tax liability.

3.      In furtherance of the above investigation and in accordance with 26 U.S.C.

§ 7602, on April 29, 2009, I issued an Internal Revenue Service summons to Arnold Goldstein to

give testimony and to produce for examination books, papers, records, or other data as described

in the summons.  The summons is attached to the petition as Exhibit 3.

4.      In accordance with 26 U.S.C. § 7603, on April 29, 2009, I served an attested copy

of the Internal Revenue Service summons described in paragraph 3 on Arnold Goldstein by hand-

delivering a copy of the summons to the respondent, as evidenced in the certificate of service on the summons.

5.      On June 11, 2009, Arnold Goldstein did not appear in response to the summons and, to date, Arnold Goldstein and Marlene Goldstein, as Personal Representative of the Estate of Arnold Goldstein, have failed to comply with the summons.

6.      The books, papers, records, or other data sought by the summons are not already in the possession of the Internal Revenue Service.

7.      All administrative steps required by the Internal Revenue Code for the issuance of a summons have been taken.

8.      No Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is in effect with respect to Arnold Goldstein for the years under investigation.

9.      The summoned testimony and documents are relevant to my investigation to determine whether Arnold Goldstein is liable for penalties under 26 U.S.C. §§ 6700 and 6701 during the period from January 1, 2004 through the present.

10.     For example, the following summoned documents are necessary for the following purposes: a list of clients to whom Goldstein promoted "asset protection strategies" so that customer returns can be reviewed for accuracy, for patterns of errors, and to determine what plans or arrangements Goldstein was marketing and selling; any and all materials provided to participants to determine what products, plans, or arrangements Goldstein was marketing and selling; a list of names and addresses of purchasers of any products, plans or arrangements to determine what products, plans or arrangements Goldstein has sold to customers; documents concerning any "asset protection strategy" received by Goldstein from another individual or

entity to determine if other individuals or entities promoted or sold such strategies to Goldstein; the names of any individuals or entities who promoted or sold "asset protection strategies" to Goldstein or Goldstein's clients to determine who, if anyone, Goldstein was working in concert with, or whether Goldstein was working under different business names; records regarding payments received by Goldstein in connection with the sale of any "asset protection strategy" to determine when payments were made by customers, which customers made such payments, to whom payments were made, and the amounts of payments made in connection with the sale of products, plans, or arrangements.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of September, 2010.

Holly Shields
Revenue Agent

3