

# Summons

**Government Exhibit 3**

In the matter of  6700/6701 Penalty Investigation of Arnold S. Goldstein
Internal Revenue Service (Division):  Small Business/Self Employed
Industry/Area (name or number):  South Atlantic Examination Area - Offshore Transactions Territory
Periods: 2004 to the present

### The Commissioner of Internal Revenue

To: Dr. Arnold S. Goldstein
At: 942 Evergreen Drive, Delray Beach, Florida 33483

You are hereby summoned and required to appear before  Holly Shields, Internal Revenue Agent and/or her designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

To provide testimony and records. Please See Attachment A

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**
Internal Revenue Service, 3848 West Columbus Drive, Attention: H. Shields/Stop 4207 Tampa, Florida 33607 (813) 315-2444

**Place and time for appearance at** Internal Revenue Service, 300 Lock Road, Suite 300
Deerfield Beach, Florida 33442

on the  11th  day of  June  2009  at  9:00  o'clock  a.  m.
Issued under authority of the Internal Revenue Code this  29th  day of (year)  April , 2009 (year).

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 2039 (Rev. 12-2008)
Catalog Number 21405J

Signature of issuing officer — Internal Revenue Agent / Title
Signature of approving officer (if applicable) — Group Manager / Title

**Original — to be kept by IRS**



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

Date: April 29, 2009

Time: 9:00 a.m.

**How Summons Was Served**

1. ☑ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____

Signature: Abby Shields

Title: Internal Revenue Agent

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: April 29, 2009    Time: Via Mail

Name of Noticee: Sent copies to POA Weisberg & POA Cohen.

Address of Noticee (if mailed): Weisberg - 1401 Brickel Ave Ste 800 Miami, FL
Cohen - 1132 SE 3rd Ave, Ft. Lauderdale, FL.

**How Notice Was Given**

☑ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

Signature: Abby Shields

Title: Internal Revenue Service

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

Signature: _____    Title: _____

Form **2039** (Rev. 12-2008)

## Attachment A to Summons Issued to Arnold S. Goldstein

### INSTRUCTIONS

In responding to this Summons, you are required to make a diligent search of the documents and records (as defined below) that are in your possession, custody and/or control. Such documents and records include those that are available to you or subject to your reasonable inquiry, including documents in the possession of your attorneys, accountants, affiliates, advisors or other persons directly or indirectly employed by, hired by, or connected with you, and anyone else otherwise subject to your control, and not such information as is known only to you as of your personal knowledge. Such documents and records also include those created and/or maintained in the course of employment (at any business or other location) by any of your employees, officers, directors, partners, consultants, senior managers, managers, senior or staff employees and/or independent contractors. Such documents and records further include those used exclusively for your in-house consideration and discussions. Any use of the singular includes the plural and vice-versa.

Each Summons Request should be separately answered. If a document is responsive to more than one request, you need not provide it in response to each request if you supply a complete and legible copy in response to the first request to which the document is responsive, and in response to each subsequent request to which the document is responsive provide a description of the document and specify the request in response to which the document has been provided. However, if a document has any change, notation, and/or modification, you are required to produce it. Each non-identical copy is a separate "document."

If documents or records cannot be located, then, at the time set for production, provide a written statement which specifies the efforts made to locate the documents or records and a specific reason for their disappearance or unavailability. Also, if records or documents are requested, but do not exist, please state so. If records or documents exist but are not available to you, state where the documents are located, including the name and address of the custodian to the best of your knowledge. If any of the documents or records requested in this Summons have previously been provided to the Internal Revenue Service, please identify, with specificity, each of the documents or records previously provided, the name of the person who provided it, to whom it was provided, the date provided, and if applicable, the bates number(s).

I hereby certify that I have examined and compared this copy with the original and that it is a true and correct copy of the original.

*[signature] Shields*
(Signature and Title of IRS Official
Internal Revenue Agent

1

## Attachment A to Summons Issued to Arnold S. Goldstein

If you object to producing a document in whole or in part, then, at the time set for production, provide a written statement which identifies, with particularity, the document and all of the factual and legal reasons supporting your objection. If you are not providing a document because of an objection based on a claim of privilege, then, at the time set for production, provide a written statement as to the nature of the privilege upon which you rely, the reasons why such matters are privileged, and the extent of all allegedly privileged matters. If you object to producing only part of a document, redact the part that you believe you do not have to produce and produce the remainder.

With respect to each responsive document or part of a document that you claim you do not have to produce, provide a written summary or log containing the following information:
   a. The date of the document or, if it has no date, the date or approximate dates that such document was created;
   b. The identity or descriptive code number, file number, title, or label of such document used by the custodian of the document so as to identify it for retrieval;
   c. The general nature and description of such document and, if it was not signed, state the name of the person or persons who prepared it;
   d. The name of the person to whom such document was addressed and the name of each person other than such addressee to whom such document, or copies of it, were given or sent. If the document contains no addressee, state the name of all persons for whom it was prepared and all persons who received it;
   e. The name and address, if known, of the person having present possession, custody, or control of such document; and
   f. Whether or not any draft, copy, or reproduction of such document contains any postscripts, notation, change, or addendum not appearing on the document itself and, if so, the response shall give the description of each such draft, copy or reproduction.

Except for documents that contain redactions relating to non-production based on a claim of privilege, all documents must be provided in a non-redacted format.

The documents and information sought by this Summons are for the period January 1, 2004, through the date of compliance with the summons unless otherwise specified.

# Attachment A to Summons Issued to Arnold S. Goldstein

## DEFINITIONS

1. The terms "you," "your," and "yours" refer to Arnold S. Goldstein or any entity, plan, or arrangement created through, by, or on behalf of Arnold S. Goldstein that facilitated for investors or made referrals of investors to another person or entity with respect to an Asset Protection Strategy, including but not limited to Arnold S. Goldstein & Associates, LLC or any of its employees, predecessors or successors.

2. The term "communication" means any contact, oral or written, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was recorded, transmitted, or transferred.

3. The term "document" or "record" includes, without limitation, memoranda, agreements, papers, correspondence, communication, notes, studies, graphs, diagrams, photographs, charts, projections, tabulations, analyses, questionnaires and responses, work papers, summaries, data sheets, reports, statistical or informational accumulations, data processing cards or worksheets, computer stored and generated documents, computer databases, computer disks and formats, machine readable electronic files or records maintained on a computer, telexes, telegrams, electronic mail (commonly referred to as "e-mail"), and similar or related documents and materials.

4. The term "Asset Protection Strategy" refers to any transaction, plan, or arrangement that a United States taxpayer could use to conceal or disguise income, assets, or beneficial ownership from the Internal Revenue Service (IRS), including, but not limited to any transaction, plan, or arrangement that involved:
   a. The creation or maintenance of a foreign corporation, LLC, trust, or other entity.
   b. The opening or maintenance of a foreign bank account.
   c. Any asset protection techniques discussed in any of your publications that you advertise or have advertised as discussing ways of keeping assets safe from creditors, bankruptcy, or the IRS, including but not limited to the techniques discussed in:
      - So Sue Me!  How To Protect Your Assets From the Lawsuit Explosion;
      - Offshore Havens and Other Safe Places to Keep Your Money in Unsafe Times; and
      - How To Protect Your Money Offshore.
   d. Any transaction, plan, or arrangement involving an investor whom you ever referred (including at any time before 2004) to Terry Neal or any of his associates or affiliates, including but not limited to:
      - Aaron Young, Lee Morgan, or James Fontano,
      - Offshore Corporate Services, Inc. (OCS),
      - Laughlin International, Inc.,

3

**Attachment A to Summons Issued to Arnold S. Goldstein**

- Morgan, Carter and Young (MCY),
- Neal & Associates,
- Nevis American Trust Company (NATCO),
- Exchange Bank and Trust (EBT), and
- Privatech Group, Inc. (PGI).

   e. Any transaction, plan, or arrangement involving an investor whom you ever referred to Southpac Group Switzerland, Ltd. or any of its predecessors, successors or affiliates.

5. The term "investor" and "investors" means any person or entity that directly or indirectly invested in or was referred by you to another person or entity to discuss investing in an Asset Protection Strategy.

6. The term "organize" should be construed broadly within the common usage and includes, but is not limited to making plans, arranging for, bringing into being, or establishing an Asset Protection Strategy and/or participating and assisting in such activity.

7. The term "manage" should be construed broadly within the common usage and includes, but is not limited to having charge of, directing, conducting affairs of or carrying on business of an Asset Protection Strategy and/or participating and assisting in such activity.

8. The term "sell" should be construed broadly within the common usage and includes, but is not limited to giving up, delivering, or exchanging property, goods or services for consideration or its equivalent and/or participating in such activity.

9. The term "promote" should be construed broadly within the common usage and includes, but is not limited to moving forward, to help bring about or to further an Asset Protection Strategy and/or participating and assisting in such activity.

10. The term "market" should be construed broadly within the common usage and includes, but is not limited to offering for sale and/or participating and assisting in such activity.

## Attachment A to Summons Issued to Arnold S. Goldstein

11. The term "person" means any natural person, proprietorship, partnership, corporation, association, organization, joint venture, firm or other business enterprise, governmental body or any subunit thereof, group of natural persons or other entity.

12. The term "identify" when used in connection with a person means provide the name, title, TIN (as defined in I.R.C. §7701(a)(41)), and current or last known business and residence address and telephone numbers. If a person is required to be identified in response to more than one request, the information may be provided in response to the first request to which it relates if the name of the person and the question in response to which the person is fully identified is provided in response to subsequent requests.

13. The term "identify" when used in connection with a document means provide the following: a) the date of the document; b) the title of the document, if any; c) a description of the nature of the document (e.g., memorandum, letter) and its purpose; d) the author and/or signatory of the document; e) the identity of the person to whom the document is directed; and f) a summary of the content of the document. If the document is required to be identified in response to more than one request, the information may be provided only in response to the first request, if in response to subsequent requests, the document is identified by type, date and name of author/signatory and the request in response to which the document is fully identified is provided.

14. The term "representation" should be construed broadly within the common usage and includes, but is not limited to an oral or written description, discussion, explanation, account, or statement of facts, allegations, or arguments regarding an Asset Protection Strategy and/or participating and assisting in such activity.

**Attachment A to Summons Issued to Arnold S. Goldstein**

## DOCUMENTS TO BE PRODUCED

1. All documents that identify any Asset Protection Strategy which you organized, managed, sold, promoted, or marketed.

2. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, provide all documents that include a detailed description of the Strategy.

3. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, provide copies of all prospectuses, offering materials, solicitation materials, memoranda, correspondence, spreadsheets, worksheets, and any other materials you provided to investors (whether provided directly by you or indirectly through another person).

4. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, provide copies of all prospectuses, offering materials, solicitation materials, memoranda, correspondence, spreadsheets, worksheets, and any other materials provided to investors by a person other than you.

5. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, provide copies of all prospectuses, offering materials, solicitation materials, memoranda, correspondence, spreadsheets, worksheets, and any other materials provided to you by any person.

6. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, provide copies of all prospectuses, offering materials, solicitation materials, memoranda, correspondence, spreadsheets, worksheets, and any other materials provided by you to any person, other than an investor.

7. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, provide all documents that identify any investors.

8. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, provide all documents that identify the total fees paid by the investors, the fees paid by each investor to you, the date on which each investor invested or acquired an interest in the Asset Protection Strategy, the amount of money invested in such Asset Protection Strategy, or whether the strategy was acquired directly from you. If the strategy was not acquired directly from you, provide the name of the person from whom the strategy was acquired.

9. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, produce all documents relating to each investor's investment in the Asset Protection Strategy, including but not limited to transactional documents,

## Attachment A to Summons Issued to Arnold S. Goldstein

agreements, closing documents, and any other document reflecting the amount invested by each investor.

10. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, produce all documents describing the relationship between you and each investor, including but not limited to engagement letters.

11. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, produce all agreements and contracts between you and each investor, between you and any other person, and between the investor and any other person, including but not limited to, any confidentiality agreements relating to the Asset Protection Strategy.

12. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, produce all documents describing or reflecting services rendered by you to each investor, including but not limited to billing records and invoices sent to each investor and/or any intermediary or agent of such investor requesting payment for services rendered, time records, statements, calendars, diaries, appointment logs, and telephone logs, and any document reflecting payment for such services rendered directly or indirectly by you.

13. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, identify all persons whose participation in the Asset Protection Strategy was solicited by you (whether solely or in conjunction with any other person) and who did not invest in such Asset Protection Strategy.

14. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, produce all documents that identify any persons whose name was provided by you to any other person with respect to organizing, managing, selling, promoting or marketing the Asset Protection Strategy. Identify the person to whom such names were provided.

15. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, produce all documents that describe the intended tax benefits for investors in the strategy.

16. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, produce all documents that analyze and/or describe the economics of the strategy.

17. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, produce all legal and/or tax opinions directly or indirectly prepared by or for you relating to the tax benefit of the strategy.

## Attachment A to Summons Issued to Arnold S. Goldstein

18. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, produce all legal and/or tax opinions directly or indirectly prepared for any investor relating to the tax benefit of any strategy.

19. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, produce all legal and/or tax opinions directly or indirectly prepared for any person (other than you or any investor) relating to the tax benefit of any strategy.

20. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, provide all documents describing your role in designing, developing, discovering, creating, investigating, initiating the strategy; devising the business or financial plans for the strategy; or carrying out those plans through negotiations or transactions with others. Identify all persons who participated in such activity.

21. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, provide all documents describing your role in organizing, managing, selling, promoting or marketing any strategy. Provide all documents that identify any persons to whom these strategies were promoted, sold or marketed.

22. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, provide all documents relating to your involvement in creating or maintaining foreign entities, creating or maintaining foreign bank accounts, drafting documents such as a prospectus, financial statement, tax and/or legal opinion, or negotiating or facilitating any facet of the strategy.

23. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, provide copies of all legal opinions produced or written by you on behalf of or for the benefit of any investor, any potential investor or any other person.

24. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, provide all documents relating to your receipt of any consideration in connection with any person's right to participate in the strategy.

25. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, for any investor for which you prepared any part of a federal income tax return claiming tax benefits from the strategy, produce all documents that identify such investor and the taxable year of such return, and produce all documents that were available to you or that were used by you in connection with the reporting of the strategy on such return.

26. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, produce all documents received by you. For each document, provide the following:

## Attachment A to Summons Issued to Arnold S. Goldstein

a) The date such document was prepared and received;
b) The identity of the person who received the document;
c) The identity of the person who provided such document;
d) A description of how you received such document (e.g., by mail, at a meeting, etc.);
e) The reason such document was provided to you;
f) The identity of the person who requested such document;
g) A description of the purpose of the document; and
h) The identity of any person to whom the document was subsequently provided to by you.

27. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, produce all documents provided by you to any investor, any potential investor or any other person. For each document, provide the following:

a) The identity of the person to whom such document was provided;
b) The date such document was prepared and provided;
c) The identity of the person who prepared and/or provided such document;
   a) A description of how you provided such document (e.g., by mail, at a meeting, etc.);
   b) A description of the purpose of the document;
   c) The reason you provided the document; and
   d) The identity of the person who requested such document.

28. For each Asset Protection Strategy which you organized, managed, sold, promoted, or marketed, produce all documents, including legal opinions, which were prepared, produced or written by or for you. For each document, provide the following:

a) The identity of the person who prepared the document;
b) The date such document was prepared;
c) A description of the purpose of the document;
d) The reason you prepared the document; and
e) The identity of the person who requested such document.